# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

NICHELLE WATERS,

    Plaintiff,

Case No.

v.

Hon.

MENARDS, INC.,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Nichelle Waters (hereinafter "Waters"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

    1.    Plaintiff, Nichelle Waters, is a resident of the City of Detroit, County of Wayne and State of Michigan.

2. Defendant, Menards, Inc. (hereinafter "Menards") is a foreign corporation headquartered at 5101 Menard Drive, Eau Claire, Wisconsin 54703, who is not registered with the State of Michigan Department of Licensing and Regulatory Affairs, conducting business at 15525 Racho Road, Taylor, MI 48180 in the Eastern District of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial discrimination/harassment and retaliation in violation of 42 U.S.C. §1981 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.	Plaintiff is an African-American female who began her employment with Defendant, Menards on or about May 2, 2018 and was most recently employed as an Assistant Flooring Manager.

8.	Upon information and belief, Plaintiff was the only African-American manager out of approximately twenty-five (25) managers at that Menards location.

9.	During her employment with Defendant, Plaintiff was subjected to racial discrimination and harassment which created an offensive and hostile work environment and severely affected the terms and conditions or her employment and substantially interfered with her ability to do her job.

10.	Plaintiff was subjected to derogatory comments about her race by customers of Menards who would treat her in a rude, racist, and discriminatory manner due to her race and was routinely referred to as a "monkey", "n****r", "black bitch" and/or "that black girl."

11.	Customers would frequently refuse to be waited on by Plaintiff and would ask to be waited on or assisted by another Caucasian employee because they did not want to be assisted by an African-American employee.

12.	In addition to hearing customers' racially charged comments, Plaintiff was informed by co-workers that customers were saying horrible things of a racial nature about Plaintiff, including one co-worker who was asked by a customer "can you help me, I don't want that monkey helping me."

13. Another co-worker told Plaintiff that the racial comments made to him about her were so horrible he would not say them out loud.

14. Plaintiff complained frequently to the store Assistant Manager, Chip and store Manager, Chris Fisher that she was constantly being treated badly and called names by customers due to her race, but Defendant did nothing to stop or prevent the racial discrimination.

15. At no time did Defendant do anything to investigate Plaintiff's complaints to identify the racist customers, promote diversity or announce that racism was prohibited in Menards.

16. On several occasions Plaintiff requested to be transferred to another Menards store where racism would not be so prevalent, but the store manager, Chris refused her request because she had not been a Manager long enough.

17. In addition to making racial comments to and about Plaintiff, customers made false allegations about Plaintiff including calling her rude to the Menards Store Manager.

18. On January 28, 2019 Plaintiff received a written disciplinary notice because a customer allegedly complained that Plaintiff was "rude".

19. The disciplinary action was prepared without Defendant investigating the allegations against Plaintiff to determine the reliability of the allegation,

Plaintiff's allegations of racism by the customers to determine if Plaintiff's race was the true reason for the complaint.

20. Plaintiff refused to sign the disciplinary notice because she was not rude and complained that these were the same customers who made racist comments to her and refused her help due to her race.

21. Plaintiff told the Store Manager the complaint was fabricated and she would not sign the notice.

22. No co-workers or other potential witnesses were interviewed, no videotape was reviewed and Plaintiff's denial was rejected in favor of a customer, after Plaintiff had made numerous complaints about racist treatment by customers of Menards.

23. In fact, in issuing the disciplinary action, Defendant refused to take into account Plaintiff's prior allegations of racial discrimination by customers at the store.

24. After Plaintiff refused to sign, Chris the store manager threatened Plaintiff that "next time a customer complains you're going to be terminated."

25. Plaintiff informed Mr. Fisher that she could no longer continue to work at Menards and risk her impeccable career in retail to a customer base littered with racist who had already made false allegations against her.

5

26. Plaintiff was constructively discharged as no reasonable person would continue to work in an environment permeated with racism where that racism not only threatened her career at Menards, but could have an adverse effect on her ability to obtain new employment.

27. On March 18, 2020 the EEOC issued a Right to Sue letter.

## COUNT I
## RACIAL DISCRIMINATION VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

28. Plaintiff incorporates by reference paragraphs 1 through 26 of the Complaint as though fully set forth herein.

29. Plaintiff belongs to a protected class as an African American.

30. Plaintiff was subjected to unwelcome communication and conduct.

31. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff due to her race.

32. Pursuant to Title VII, Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including discharged from her employer and/or supervisors based upon her race.

33. Plaintiff's race was a factor in Defendant decisions, actions, treatment, conduct and attitude towards Plaintiff.

34. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including discharged based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

35. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

36. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

   b. Imposing discipline based on race;

   c. Taking adverse employment action against Plaintiff based upon her race;

   d. Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race;

   e. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race; and

    f. Failing to take remedial measures to stop remedial measures to stop the racial discrimination.

37. Defendant owed Plaintiff as an African-American employee, a duty to refrain from discriminating against employees.

38. Defendant owed Plaintiff as an African-American, a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

39. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

    d. Failing to take remedial measures to have customers stop creating an offensive and hostile work environment for Plaintiff; and

    e. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

40. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

41. Plaintiff is entitled to punitive damages due to the reckless and malicious conduct of Defendant in failing/refusing to take remedial measures.

42. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. §1981

43. Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. Plaintiff belongs to a protected class as an African American.

45. Plaintiff was subjected to unwelcome communication and conduct due to her race.

46. The racially charged conduct towards Plaintiff was unwelcome.

47. Defendant conduct was intentional and motivated by Plaintiff's race as an African-American.

48. The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

49. Plaintiff was subjected to a work environment that was hostile and abusive as a direct result of Defendant conduct and refusal to take remedial measures.

50. Plaintiff suffered adverse tangible employment actions which interfered in her ability to do her job as a result of the hostile and offensive work environment.

51. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to her race.

52. Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including discharged from her employer and/or supervisors based upon her race.

53. Plaintiff's race was a factor in Defendant decisions, actions, inactions, treatment, conduct and attitude towards Plaintiff.

54. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including discharged based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

55. Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

56. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with punitive

damages, costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq*

57. Plaintiff incorporates by reference paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58. Plaintiff belongs to a protected class as an African American.

59. Plaintiff was subjected to unwelcome communication and conduct.

60. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff due to her race.

61. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including discharged from her employer and/or supervisors based upon her race.

62. Plaintiff's race was a factor in Defendant decisions, actions, inactions, treatment, conduct and attitude towards Plaintiff.

63. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including discharged based upon her race by Defendant, to the

point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

64. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

65. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

    b. Imposing discipline based on race;

    c. Failing to take remedial measures to prevent customers from discriminating against Plaintiff due to her race;

    d. Taking adverse employment action against Plaintiff based upon her race;

    e. Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race; and

    f. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race.

66. Defendant owed Plaintiff as an African-American employee, a duty to refrain from discriminating against employees.

67. Defendant owed Plaintiff as an African-American, a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

68. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

69. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

70. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT IV
## RETALIATION

71. Plaintiff incorporates by reference paragraphs 1 through 68 of the Complaint as though fully set forth herein.

72. Pursuant to 42 U.S.C. § 1981, Title VII, and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her race.

73. Plaintiff's race was a factor in Defendant employment decisions.

74. Defendant are Plaintiff's employer within the meaning of 42 U.S.C. § 1981, Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

75. During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination creating a hostile work environment by Defendant.

76. The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

77. Plaintiff complained to upper management of Defendant that she was being discriminated against due to her race and that she was being subjected to a hostile work environment.

78. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

79. Despite having notice of the racial discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her race and in retaliation for her complaints of racial discrimination.

80. The racial discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate 42 U.S.C. § 1981, Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

81. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

                                        Respectfully submitted,

                                        **BATEY LAW FIRM, PLLC**

                                        By: /s/Scott P. Batey
                                                SCOTT P. BATEY (P54711)
                                                Attorney for Plaintiff
                                                30200 Telegraph Road, Suite 400
                                                Bingham Farms, Michigan 48025
                                                (248) 540-6800-telephone
                                                (248) 540-6814-fax
                                                sbatey@bateylaw.com

Dated: June 9, 2020

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Nichelle Waters, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                Respectfully submitted,

                **BATEY LAW FIRM, PLLC**

                By: /s/Scott P. Batey
                    SCOTT P. BATEY (P54711)
                    Attorney for Plaintiff
                    30200 Telegraph Road, Suite 400
                    Bingham Farms, Michigan 48025
                    (248) 540-6800-telephone
                    (248) 540-6814-fax
                    sbatey@bateylaw.com

Dated:  June 9, 2020