UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nichelle Waters,

                Plaintiff,      Case No. 20-11507

v.                              Judith E. Levy
                               United States District Judge
Menards, Inc.,
                               Mag. Judge David R. Grand
              Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [11]**

Before the Court is Defendant Menards, Inc.'s Motion to Dismiss and Compel Arbitration. (ECF No. 11.) Plaintiff Nichelle Waters did not respond.[1] The Court is nevertheless required to evaluate both Defendant's unopposed motion and Plaintiff's complaint to ensure that Defendant met its burden of establishing that dismissal is proper pursuant to the parties' arbitration agreement. *See Carver v. Bunch*, 946

---

[1] Defendant's motion was served on Plaintiff via the electronic court filing system on October 16, 2020. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(e)(1)(B) requires that responses to dispositive motions are due within twenty-one days after service of the motion. LR 7.1(e)(1)(B). Accordingly, the response to this motion was due on approximately November 6, 2020.

F.2d 451, 455 (6th Cir. 1991); *see also Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020). Upon consideration of the filings in this case and the applicable law, the Court will grant Defendant's motion, compel arbitration as to all of Plaintiff's claims, and dismiss the case without prejudice, unless Plaintiff files a response demonstrating good cause for failure to respond in a timely manner within five days of the entry of this order along with her substantive response.

## I. Background

### A. Factual Summary

Plaintiff began her employment with Defendant in May of 2018. (ECF No. 1, PageID.3; ECF No. 6, PageID.27.) Plaintiff alleges that during her time as an employee of Defendant, she "was subjected to racial discrimination and harassment which created an offensive and hostile work environment and severely affected the terms and conditions or her employment and substantially interfered with her ability to do her job." (ECF No. 1, PageID.3.) According to Plaintiff, she frequently complained to the Assistant Manager and Manager for Defendant's store at which she worked, but Defendant failed to investigate Plaintiff's complaints,

2

refused to allow her to transfer to a different store, and failed to otherwise address the racially-discriminatory environment. (*Id.* at PageID.3–4.) On or about January 28, 2019, Plaintiff contends that she received a written disciplinary note and was disciplined without investigation following a customer's alleged complaint that Plaintiff was "rude," despite Plaintiff's assertion that the complaint was fabricated. (*Id.* at PageID.4–5.) Plaintiff claims that she was constructively discharged following this incident. (*Id.* at PageID.5–6.)

### B. Procedural History

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on the basis of this charge. (*Id.* at PageID.6; ECF No. 6, PageID.29.) On June 9, 2020, Plaintiff filed her complaint in this Court, alleging that Defendant subjected Plaintiff to racial discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and Michigan's Elliot–Larsen Civil Rights Acts (the "ELCRA"), M.C.L. § 37.2101 *et seq.* (ECF No. 1.) On July 8, 2020, Defendant filed an answer, arguing in part that Plaintiff's claims must be resolved by binding

3

arbitration. (ECF No. 6, PageID.26, 34.) On October 16, 2020, Defendant filed a motion to dismiss the complaint and compel arbitration pursuant to an arbitration clause contained in the employment agreement between Plaintiff and Defendant (hereinafter, "the Employee/Employer Agreement"). (ECF No. 11.) Plaintiff has not yet filed a response.

## II. Legal Standard

Defendant moves to compel arbitration and to dismiss the complaint pursuant to pursuant to Federal Rules of Civil Procedure 12(b)(1) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. (ECF No. 11, PageID.48–49.) There is a split within the Sixth Circuit regarding whether a motion to dismiss pursuant to an arbitration clause is properly construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) or Rule 12(b)(6) (failure to state a claim). *See Powers Distrib. Co., Inc. v. Grenzebach Corp.*, No. 16-12740, 2016 WL 6611032, at *2 (E.D. Mich. Nov. 9, 2016) (listing examples of courts within the Sixth Circuit that have found such motions should be raised under Rule 12(b)(1) or alternatively under Rule 12(b)(6)). Here, the Court will evaluate Defendant's motion as one to dismiss under Rule 12(b)(1) as indicated by Defendant, because the

4

Court's ultimate determination does not differ based on whether the Rule 12(b)(1) or Rule 12(b)(6) standard is used.

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). As this motion presents a factual attack on subject matter jurisdiction, the Court has wide discretion to consider affidavits, documents, and other evidence properly before it to determine whether there is subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D. Mich. May 21, 2012).

"The [FAA] provides that arbitration clauses in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. § 2). The FAA instructs courts to "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order

5

directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

"When considering a motion to . . . compel arbitration under the [FAA], a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Glazer*, 394 F.3d at 451 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)); *see also Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (courts are required engage in a "limited review" to determine if a dispute is arbitrable before compelling arbitration).

The Court examines "arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007); *see also Glazer*, 394 F.3d at 450 ("[I]t is well-established that any doubts regarding

arbitrability must be resolved in favor of arbitration, because there is a strong presumption in favor of arbitration under the FAA.") (internal citation omitted). Further, "the FAA preempts state laws and policies regarding arbitration[,]" although state contract law "governs in determining whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003) (citations omitted). Additionally, "[i]t is well settled that judicial protection of pre-dispute arbitral agreements extends to agreements to arbitrate statutory employment discrimination claims." *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004).

### III. Analysis

Defendant, as the party seeking to enforce an arbitration agreement, has the burden to demonstrate the agreement's existence. *Ford v. Midland Funding LLC*, 264 F. Supp. 3d 849, 855 (E.D. Mich. 2017) (citing *Bank of Am., N.A. v. First Am. Title Ins. Co.*, 499 Mich. 74, (2016)). The arbitration clause Defendant seeks to enforce is found in section 6 of the Employee/Employer Agreement and states in relevant part:

7

**6. Remedy.** I agree that all problems, claims and disputes experienced related to my employment may be resolved in one of the following ways: 1) I understand that I may bring a claim or charge of discrimination with the U.S. Equal Opportunity [sic] Commission, National Labor Relations Board or comparable state or local agencies, 2) individual claims which are not a part of a class, collective or representative action must be resolved by binding arbitration. . . . Problems, claims, or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981–1988; Age Discrimination in Employment Act of 1987; Older Workers' Benefit Protection Act ("OWBPA"); Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; Title I of the Civil Rights Act of 1991; American with Disabilities Act; Uniformed Services Employment and Reemployment Rights Act of A19954 ("USERRA"); Family Medical Leave Act; and non-statutory claims such as contractual claims, quasi-contractual claims, tort claims and any and all causes of action arising under state or common law.

. . .

Nothing in this Agreement infringes on my ability to file a claim or charge of discrimination with the U.S. Equal Employment Opportunity Commission, National Labor Relations Board or comparable state or local agencies. . . .

Menard, Inc. is engaged in commerce using U.S. Mail and telephone service. Therefore, the Agreement is subject to the Federal Arbitration Act, 9 U.S.C. Sections 1-14 as amended from time to time.

. . .

THIS DOCUMENT CONTAINS A BINDING ARBITRATION PROVISION FOR INDIVIDUAL CLAIMS WHICH MAY BE ENFORCED BY BOTH MENARD, INC AND ME. THE PARTIES AGREE THAT BOTH I AND MENARD, INC ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY IF I FILE A CLAIM INDIVIDUALLY, BUT NOT IF I AM A MEMBER OF A CLASS, COLLECTIVE OR REPRESENTATIVE PROCEEDING. I HAVE READ THIS ENTIRE AGREEMENT AND I FULLY

> UNDERSTAND THE LIMITATIONS WHICH IT IMPOSES UPON ME, AND I UNDERSTAND THAT THIS AGREEMENT CANNOT BE MODIFIED EXCEPT BY THE PRESIDENT OF MENARD, INC.

(ECF No. 11-2, PageID.63.) Plaintiff allegedly signed the Employee/Employer Agreement on May 21, 2018. (*Id.*)[2]

Consideration of the factors presented in *Glazer* requires that arbitration of Plaintiff's claims be compelled here. First, it is undisputed that Plaintiff manually signed the Employee/Employer Agreement, whose unambiguous text clearly indicates that "individual claims which are not a part of a class, collective or representative action must be resolved by binding arbitration" subject to the FAA. (ECF No. 11-2, PageID.63.) "If the district court is satisfied that the agreement to arbitrate is not 'in issue[' as contemplated under 9 U.S.C. § 4,] it must compel arbitration." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate[;]" this

---

[2] Additionally, on July 18, 2018, Plaintiff electronically consented to a Management Agreement when she was promoted to an Assistant Department Manager. (ECF No. 11-3, PageID.64.) The two agreements contained differing language regarding class action claims, which is not relevant here.

9

standard "mirrors that required to withstand summary judgment in a civil suit." *Id.* Plaintiff, as the party theoretically opposing arbitration, has not proffered evidence suggesting that the Employee/Employment Agreement is not a valid agreement to arbitrate. Additionally, no facts in the record create a genuine issue of whether the Employee/Employment Agreement is a valid arbitration agreement or whether it is enforceable.

Second, the arbitration clause of the Employee/Employer Agreement expressly designates that statutory claims under 42 U.S.C. § 1981 and Title VII, as well as "any and all causes of action arising under state or common law" (e.g., the ELCRA) must be resolved by binding arbitration. (ECF No. 11-2, PageID.63.) Accordingly, all the claims included in Plaintiff's complaint are encompassed by the arbitration clause. (*See* ECF No. 1.)

Third, Congress has not excluded any of the federal statutory claims brought by Plaintiff. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 499 (6th Cir. 2004) ("Title VII claims may be subjected to binding arbitration."); *see also Dawson v. Rent-A-Ctr. Inc.*, 490 F. App'x 727, 733 (6th Cir. 2012) (compelling arbitration for claims brought under Title VII and 42 U.S.C. § 1981).

10

Fourth, the entirety of Plaintiff's complaint is subject to arbitration. The Sixth Circuit, like several other circuits, has authorized dismissal of actions where all claims are referred to arbitration and retaining jurisdiction would thus serve no purpose. *See Ozormoor v. TMobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *see also Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see also Sellers v. Macy's Retail Holdings, Inc.*, No. 12–02496, 2014 WL 2826119, at *10 (W.D. Tenn. June 23, 2014) (citing cases from 4th, 5th, 6th, and 9th Circuits, as well as cases from within 6th Circuit). All of the claims in this case are referable to arbitration. Accordingly, unless Plaintiff responds as set forth below, this case will be dismissed without prejudice.

For the reasons set forth above, the Court will GRANT Defendant's motion to compel arbitration as to the entirety of Plaintiff's complaint and dismiss the case without prejudice, unless Plaintiff files a response demonstrating good cause for failure to respond and including her substantive response within five days of the entry of this order.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: January 15, 2021<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
